**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Bryan M. Holder, Appellant.

Appellate Case No. 2013-001145

———————

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-273
Submitted March 1, 2015 – Filed June 3, 2015

———————

**AFFIRMED**

———————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, for Respondent.

———————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Condrey*, 349 S.C. 184, 194, 562 S.E.2d 320, 325 (Ct. App.

2002) ("The law to be charged is determined from the evidence presented at trial."); *id.* ("A trial court has a duty to give a requested instruction that correctly states the law applicable to the issues and which is supported by the evidence."); *State v. Ward*, 374 S.C. 606, 614, 649 S.E.2d 145, 149 (Ct. App. 2007) ("If any evidence supports a requested jury charge, the trial court should grant the request."); *State v. Reid*, 408 S.C. 461, 472, 758 S.E.2d 904, 910 (2014) (stating that under the "hand of one is the hand of all" theory of accomplice liability, "one who joins with another to accomplish an illegal purpose is liable criminally for everything done by his confederate incidental to the execution of the common design and purpose"); *State v. Gibson*, 390 S.C. 347, 354, 701 S.E.2d 766, 770 (Ct. App. 2010) ("In order to establish the parties agreed to achieve an illegal purpose, thereby establishing presence by pre-arrangement, the State need not prove a formal expressed agreement, but rather can prove the same by circumstantial evidence and the conduct of the parties."); *Barber v. State*, 393 S.C. 232, 236, 712 S.E.2d 436, 439 (2011) ("Like a lesser-included offense, an alternate theory of liability may only be charged when the evidence is equivocal on some integral fact and the jury has been presented with evidence upon which it could rely to find the existence or nonexistence of that fact."); *id.* (finding no error in the trial court's decision to give the accomplice liability jury instruction because "the sum of the evidence presented at trial, both by the State and defense, was equivocal as to who was the shooter").

**AFFIRMED.**[1]

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.